UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No.: 1:23-cv-00482 ) |
| $20,000.00 UNITED STATES CURRENCY, | ) ) ) |
| Defendant. | ) |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, files its Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty, Maritime, and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

### NATURE OF THE CLAIM

1. The United State of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. §§ 881 and 18 U.S.C. 981(a), seeking forfeiture of the Defendant property based on violations of 21 U.S.C. § 801 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil action commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the

forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 21 U.S.C § 888 (j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

**DEFENDANT**

5. The Defendant is twenty thousand dollars in United States Currency ("$20,000.00," or "Defendant Property") (Asset Identification Number 21-CBP-000488).

**FACTS**

6. On December 17, 2020, officers with the Homeland Security Investigation Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), conducted a parcel/bulk cash smuggling interdiction operation at a parcel shipping company hub based in Indianapolis, Indiana.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it is common for smugglers and individuals involved in controlled substance trafficking to transport illegal controlled substances and their proceeds through shipping companies. Shipping companies are advantageous to the smugglers because they provide the benefits of faster delivery, predictable delivery dates, package tracking, and delivery confirmation. Because of the commonality of this practice, task force officers are trained to identify indicators of suspicious

packages. Suspicious packages are typically sent via overnight priority shipping and paid for with cash. Smugglers will often use addresses, telephone numbers, or names that are falsified or incomplete. Packages sent to known source states for illegal controlled substances (e.g., Texas, Arizona, California) draw suspicions, as do parcels sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. The use of excessive tape and layers of packaging is an attempt to undermine detection by narcotic detection canines by masking or preventing the odor of controlled substances from emitting from the package. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons with the cash or monetary instrument – narcotics traffickers rarely include any type of instructions with the proceeds.

8. During the course of this operation, a package being shipped by a parcel service with shipping label attached reflecting tracking numbers of 7815 3294 1555 ("Parcel 1555" or the "Package"), was identified as suspicious. Parcel 1555 was addressed to Erica Mins, 7933 Victoria Avenue, Apt 2, Highland, California, with no phone number. The sender was identified as Elatia George, 3460 US Highway 341, Apt D04, with phone number XXX-XXX-6062.

9. Parcel 1555 drew the attention of officers and was deemed suspicious for several reasons. First, Parcel 1555 was a new parcel box with extra external tape. Parcel 1555 was sent using priority overnight shipping and paid by sender, by cash, at parcel drop off site. The parcel was shipped from an individual to individual. The parcel was shipped to a residence from a residence. The parcel was shipped to a source state (California).

10. A certified drug detection canine, handled by an IMPD officer, inspected Parcel 1555 and other packages. The drug detection canine indicated there was a controlled substance odor emitting from Parcel 1555. The drug detection canine has been certified for over one year

and has been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine.

11. Law enforcement applied for a search warrant to inspect Parcel 1555 based on the suspicious nature of the package and the certified drug detection canine's positive indication. On December 17, 2020, a Marion County Superior Court judge granted the search warrant upon a finding of probable cause.

12. On December 17, 2020, law enforcement executed the search warrant and opened Parcel 1555. Officers found that parcel 1555 was sealed new parcel boxes with extra external tape. Inside the external box of Parcel 1555 was a taped tin box that contained tissue paper around vacuum-sealed plastic bags containing banded stacks of cash. As discussed in Paragraph 7 above, multi-layered packaging methods are commonly used by smugglers to attempt to mask the presence of the odor of a controlled substance.

  

4

 

13.     After the parcel was opened, officers used the certified drug detection canine to conduct a blind search on the currency. The certified drug detection canine gave a positive indication of narcotic odor, indicating that the $20,000.00 possessed the threshold-controlled substance contamination. The certified drug detection canine is trained not to detect uncontaminated currency.

14.     As there was probable cause to seize the currency for violations of federal and state-controlled substance laws, the $20,000.00 was seized and taken into custody by ISP. The currency was converted to a cashier's check and remained in the custody of ISP pending the signing of a turnover order by a Marion County Superior Court judge in Indianapolis, Indiana.

15.     Federal agents and analysts conducted background research on the information listed for the sender and receiver of Parcel 1555. The sender, Elatia George, previously was associated with the 3460 US Highway 341, Apt D04, Fort Valley, Georgia address. However, as of this seizure, records indicate the sender now resides at 404 Oaklawn Street, Fort Valley, Georgia.  The telephone number on the shipping label also was not associated with the sender. The recipient, Erica Mins, could not be identified.

16.     On April 20, 2021, a Marion County Superior Court judge issued an order

transferring the Defendant Property to the appropriate federal authority. *See* Marion County Superior Court, Civil Division, Cause Number 49D13-2012-MI-045260. The Defendant Property was transferred from ISP to DHS-CBP on May 28, 2021.

17. DHS-CBP sent notice to the sender and recipient on July 30, 2021, to address the Matter through administrative proceedings. The notice letters requested a response within 30 days, after which the matter would likely be referred to the United States Attorney's Office for review. DHS-CBP confirmed both letters were delivered via the United Parcel Service to the sender and recipient addresses. To date, neither the sender nor the recipient have contacted DHS-CBP.

18. It is against Federal Express policy, as stated on its website, to ship cash via Federal Express. *See* FedEx Freight FXF 100 Series Rules Tariff, *available at* https://www.fedex.com/content/dam/fedex/us-united-states/services/FXF_100_Series_Rules_Tariff.pdf

## PERTINENT STATUES

19. Under 21 U.S.C. § 841 (a)(1), it shall be unlawful for any person to knowingly or intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

20. Under 21 U.S.C. § 881 (a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act, including 21 U.S.C. § 841 (a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them. Pursuant to 21 U.S.C. § 881 (a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be furnished in

exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

21. Based on the factual allegation set forth above, the Defendant Property is, "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violations of the Controlled Substance Act, 21 U.S.C. § 841 and 846. Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 (a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any relief this court deems just and proper.

ZACHARY A. MYERS
United States Attorney

By:  s/Kelly Rota
Kelly Rota
Assistant United States Attorney
Office of the United States Attorney
10 W Market St., Suite 2100
Indianapolis, IN 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, S/A Luther Selby, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/11/2023

Special Agent, HSI